**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JAY DEMARTINI; RENATE DEMARTINI, | No. 15-15205 16-15078 |
| Plaintiffs-Appellees, | D.C. No. 3:12-cv-03929-JCS |
| v. | |
| THOMAS CHRISTOPHER JOHNS; JOHNS & ALLYN, A.P.C., | MEMORANDUM[*] |
| Defendants-Appellants. | |

| | |
|---|---|
| MICHAEL JAY DEMARTINI; RENATE DEMARTINI, | No. 16-15134 |
| Plaintiffs-Appellants, | D.C. No. 3:12-cv-03929-JCS |
| v. | |
| THOMAS CHRISTOPHER JOHNS; JOHNS & ALLYN, A.P.C., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted April 20, 2017

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: THOMAS, Chief Judge, MURGUIA, Circuit Judge, and BAYLSON,[**] District Judge.

Thomas Christopher Johns and the law firm Johns & Allyn, A.P.C. (collectively, "Defendants") appeal the district court's order denying their motion to vacate an arbitration award entered against them on Michael and Renate DeMartini's (collectively, "Plaintiffs") legal malpractice claims. Defendants also appeal the district court's denial of their request for a stay in response to Plaintiffs' motion to confirm the arbitration award. Plaintiffs cross-appeal the district court's grant of Defendants' motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

I.

We review de novo the district court's decision to deny a motion to vacate an arbitration award. *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th Cir. 1996). Defendants argue that the district court erred in denying their motion to vacate under § 10 of the Federal Arbitration Act ("FAA"), which, in relevant part, authorizes vacatur "where the arbitrators exceeded their powers, or so imperfectly

_____

[**] The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). We have strictly interpreted this standard, emphasizing that review of an arbitration award itself is "both limited and highly deferential." *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996). Accordingly, "arbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (internal quotation marks and citations omitted). This means that "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it.'" *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (quoting *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995)). "As such, mere allegations of error are insufficient." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004).

Defendants argue that the arbitrator showed a manifest disregard of law when she denied their requests to dismiss Plaintiffs' malpractice claims as time-barred. Defendants specifically argue that the arbitrator correctly recognized the one-year statute of limitations that applies to malpractice claims, but then intentionally ignored it in applying the law to the facts before her. *See* Cal. Code

3

Civ. P. § 340.6(a); *see also Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton, LLP*, 35 Cal. Rptr. 3d 31, 51 (Cal. Ct. App. 2005) (explaining that the one-year limitations period "is triggered by the client's discovery of 'the facts constituting the wrongful act or omission,' not by his discovery that such facts constitute professional negligence"). We cannot conclude from the record that the arbitrator's decision—while perhaps an erroneous application of the California statute of limitations for legal malpractice claims—constitutes a "manifest disregard" of law. *See Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) ("[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." (alteration in original) (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)); *cf. American Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982) (finding a manifest disregard of law when the record showed the arbitrator recognized the applicable law, but refused to apply it because of "the arbitrator's belief that the penalty was too severe" under the circumstances). Defendants have failed to carry their heavy burden of showing the arbitrator's award warrants vacatur based on a manifest disregard of law on the part of the arbitrator.

Defendants also argue the district court erred in denying its motion to vacate the arbitration award on public policy grounds. While a court may vacate an

4

arbitration award that is contrary to public policy, this is a very narrow exception. *Stead Motors v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1209 (9th Cir. 1989) (en banc) ("[A] court need not, in fact cannot, enforce an award which violates public policy."). To vacate an arbitration award on public policy grounds, the panel must find (1) that an "explicit, well defined and dominant" public policy exists, and (2) "that the policy is one that specifically militates against the relief ordered by the arbitrator." *Id.* at 1210–13.

Defendants argue that the arbitration award should be vacated because it is based on perjury committed by Mr. DeMartini in the underlying partition action, and the "the public policy against perjury is explicit and well-defined." A review of the record reveals that Defendants made similar claims of perjury to the arbitrator, and the arbitrator directly questioned Mr. DeMartini during the arbitration proceeding about whether he had lied under oath during the partition action. The arbitrator's final decision indicates that the arbitrator rejected Defendants' claims that Mr. DeMartini intentionally gave false testimony during his deposition and at the underlying trial. *See* Cal. Penal Code § 118 (defining "perjury" as when an individual, under oath, "willfully states as true any material matter which he or she knows to be false"). The arbitrator found that Mr. DeMartini was "being asked to juggle competing complex concerns and follow difficult instructions under pressure," and ultimately entered an award in Plaintiffs'

5

favor, which strongly indicates that the arbitrator did not believe that Mr. DeMartini had intentionally misrepresented any material facts during his deposition. Although the arbitrator did not expressly address whether Mr. DeMartini intentionally gave false testimony at trial in her written decision, she was not required to do so. *Bosack*, 586 F.3d at 1104 (stating that and arbitrator's "award may be made without explanation of their reasons and without a complete record of their proceedings"). Because Defendants' public policy argument would require the Court to revisit the arbitrator's findings of fact and conclusions of law with respect to Defendants' perjury argument put forth to the arbitrator, the Court will not vacate the award on this ground. *Kyocera*, 341 F.3d at 994.

Accordingly, we affirm the district court's denial of Defendants' motion to vacate the arbitration award under § 10 of the FAA or on public policy grounds.

## II.

We review a district court's denial of a motion to stay for abuse of discretion. *United States v. Peninsula Comm., Inc.*, 287 F.3d 832, 838 (9th Cir. 2002).  A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket" in an effort to promote judicial economy. *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). The party who moves for a stay has the burden to "make out a clear case of hardship or inequity in being required to go forward,"

6

and the court must weigh the competing interests that will be affected by the granting of or refusal to grant the stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

We cannot conclude that the district court abused its discretion in denying Defendants' request to stay ruling on Plaintiffs' motion to confirm the arbitration award. The FAA mandates courts to confirm an arbitration award unless the award has been vacated, modified or corrected. *See* 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must grant* such an order unless the award is vacated, modified, or corrected." (emphasis added)). The Supreme Court has noted that § 9 of the FAA "carries no hint of flexibility." *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). Because the district court had already denied Defendants' motion to vacate the arbitration award, and the three-month limitation period for bringing any further motion to vacate or alter the arbitration award had passed by the time Plaintiffs moved to confirm the arbitration award, *see* 9 U.S.C. § 12, the district court was obligated to summarily confirm the award. The district court properly rejected Defendants' arguments that ruling on the motion to confirm the arbitration award would result in a considerable waste of resources for both the parties and the court. Further, Defendants have not persuasively argued that they were subjected to any

"hardship or inequity" in requiring to litigate Plaintiffs' motion to confirm the award. *See Landis*, 299 U.S. at 255.

Accordingly, we affirm the district court's denial of Defendants' request to stay ruling on Plaintiffs' motion to confirm the arbitration award.

## III.

Plaintiffs cross-appeal the district court's grant of Defendants' motion to amend the judgment pursuant to Rule 59(e). We review a district court's grant of a Rule 59(e) motion to amend judgment for abuse of discretion. *Int'l Rehab. Sci. Inc. v. Sebelius*, 688 F.3d 994, 1000 (9th Cir. 2012).

The district court initially entered judgment in favor of Plaintiffs "in the amount of $177,100.00" and, consistent with the arbitration award, granted "prejudgment interest from June 30, 2011, at the California statutory rate." Defendants filed a Rule 59(e) motion to amend the judgment, arguing that the district court's judgment conflicted with California law, which only allows for prejudgment interest to start from the date the legal malpractice arbitration award was issued—July 30, 2014. *See* Cal. Civ. Code § 3287. The district court agreed and granted Defendants' motion to amend the award, concluding that "the date stated in its previous order and judgment is clearly erroneous," as it does not comport with § 3287 of the California Civil Code. The court then entered an

8

amended judgment in the amount of $177,100 "plus prejudgment interest from **July 30, 2014** at the California statutory rate."

The district court abused its discretion in granting Defendants' Rule 59(e) motion and amending the judgment so that it conflicted with the arbitrator's grant of prejudgment interest. Sections 10 and 11 of the FAA provide the "exclusive grounds" for vacating or modifying an arbitration award. *Hall Street*, 552 U.S. at 584. Under the FAA, motions to vacate, modify, or correct the arbitration award must be served on the opposing party within three months after the award is filed. 9 U.S.C. § 12. Here, the arbitrator issued her final decision on July 30, 2014 and, although Defendants knew that the award consisted of prejudgment interest beginning from June 30, 2011 through the date of the award, Defendants did not raise this issue in their motion to vacate the award, or otherwise move to modify the grant of prejudgment interest within three months of the award. Accordingly, at the time Defendants filed their Rule 59(e) motion, they were time-barred from amending the arbitration award pursuant to the FAA. *See* 9 U.S.C. § 12. Defendants' attempt to circumvent the FAA through a Rule 59(e) motion was improper. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133, 1133 n.3 (9th Cir. 2000). Further, we note that it is well-established that a Rule 59(e) motion "may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enter., Inc. v.*

9

*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The argument that the arbitrator's grant of prejudgment interest from June 30, 2011 violated state law most certainly "could reasonably have been raised earlier in the litigation." *Id.*

Accordingly, we reverse the district court's Rule 59(e) order and remand to the district court with instructions to enter judgment consistent with the arbitration award—"$158,000 plus interest thereon at the California statutory prejudgment interest rate from June 30, 2011 through the date of [the arbitration award]," and "$19,100.00 for arbitration fees and costs"[1]—including post-award prejudgment interest under California Civil Code § 3287(a).

**AFFIRMED in part, REVERSED in part, and REMANDED**. Costs are taxed against Defendants.

---

[1] The $19,100 for arbitration fees and costs is not subject to prejudgment interest.